UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | INDICTMENT NO. |
| | : | |
| TREMAINE GRANT, | : | 4:23CR-096-001 |
| | : | |
| Defendant. | : | |

**DEFENDANT TREMAINE GRANT'S *BRADY* MOTION
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW the defendant, Tremaine Grant, by and through undersigned counsel, and files this, his *Brady* Motion for Disclosure of Exculpatory and Impeaching Information and Memorandum of Law in Support Thereof pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and moves the Court for entry of an Order directing the government[1] to make inquiry and disclose all of the following within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known to the government.

Mr. Grant brings this motion and shows the Court the following:

**I.     REQUESTS**

Mr. Grant hereby expressly requests that the Government produce any and all material exculpatory and impeaching evidence in the possession, custody or control of, or

---

[1] The government includes, but is not limited to, the following: The Federal Bureau of Investigation (FBI), the Drug Enforcement Agency (DEA) and all other federal agencies or departments as well as any state or local law enforcement or investigative agencies, sheriff or police departments.

obtainable through due diligence by the government and any of its employees, agents or representatives, relating to the following:

1.      Any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications attributed to any witness called by the Government, including, but not limited to relevant "rap sheets", and/or judgment and commitment orders whether in the custody of the FBI, probation or state agencies.

2.      Any and all records and information revealing prior misconduct or bad acts attributed to any witness, particularly those which may be admissible under Federal Rule of Evidence 608(b) to impeach the witness' truthfulness.

3.      Any and all statements, records and information revealing bias, hostility, pecuniary or other interest, and/or kinship with a person adverse to the Defendant attributed to any witness called by the Government.

4.      Any and all consideration or promises of consideration given to or on behalf of any witness or expected or hoped for by the witness. By "consideration", Mr. Grant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including, but not limited to, formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative, immigration or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provisions, shelter,

transportation, legal services or transactions with the government or over which the Government has real, apparent or perceived influence.

5.  Any and all informant files on any government witness; the existence and identity of all federal, state and local government files on any witness; and the existence and identity of all official internal affairs, internal investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer.

6.  The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator or expert has testified before any court, grand jury or other tribunal or body.

7.  Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or "basic mental trouble"; the use of hypnosis or hypnotic age regression; the use of "lie detectors" and the results; the witness' use of narcotics or other drugs.

8.  Any and all statements, records, information and/or evidence affecting any witness' capacity to observe the events surrounding his/her testimony, including, but not limited to, witness' drug use at the time of the events.

9.  Any and all statements or testimony of any witness which would be inconsistent with any other evidence used by the Government.

10. The same records and information requested in items 1 through 9 above with respect to each non-witness declarant whose statements are offered in evidence.

11. Any exculpatory information which would reflect favorably upon the Defendant's lack of intent to combine, conspire, confederate or aid or abet any violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, 18 U.S.C. § 924(c), 18 U.S.C. § 922(g)(1), and/or 18 U.S.C. § 1951(a) a as alleged in the Indictment.

12. Any records, reports, statements or data compilations in any form of any federal public offices or agencies including reports in criminal matters observed by law enforcement officers and other law enforcement personnel which might in any way reflect in an exculpatory way upon the guilt or innocence of Mr. Grant. Such documentation would be admissible against the United States pursuant to Rule 803(8) of the Federal Rules of Evidence.

13. All materials seized by the FBI, DEA or any State or Federal criminal investigators concerning any witness testifying on behalf of the government at the trial of this case.

14. A list of all pending cases or investigations regarding any Government witness.

15. Any statement of any Government witness in which the witness minimizes, diminishes or denies criminal involvement that was later admitted.

16. Any statement of criminal conduct of any Government witness that adds to, enhances, embellishes or completes an earlier statement that was not a full and complete disclosure of alleged criminal conduct at the time it was made.

17. Any statement of any Government witness that acknowledges criminal conduct on behalf of the witness.

18. Any prior inconsistent statement of any Government witness.

19. Any and all statements by an informed Government witness that fails to mention the Defendant or in which a witness is unable to identify the Defendant.

20. All communications between attorneys for the Government and counsel for any Government witness.

21. Any promises or benefits bestowed by the Government in any fashion upon any Government witness.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### Brady Requires Disclosure of the Requested Information

As established by the Supreme Court in *Brady v. Maryland*, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. 83, 87 (1963). The duty of disclosure under *Brady* further extends to impeachment evidence. See *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1984)). "Exculpatory evidence" is "substantive evidence relating to a defendant's guilt or innocence or in mitigation of what otherwise would be guilty conduct." *United States v. Thevis*, 84 F.R.D. 47, 52 (N.D. Ga. 1979). Impeachment evidence comprises evidence affecting the credibility of witnesses: "[i]n the case of impeachment evidence, a constitutional error may derive from the government's failure to assist the defense by disclosing information that *might* have been helpful in conducting the cross-examination." *United States v. Scheer*, 168 F.3d 445, 452 (11th Cir. 1999) (emphasis supplied) (citing *Bagley* at 678); see also *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763 (1972). The rule of

*Brady* is "a rule of fairness and minimum prosecutorial obligation." *Thevis*, 84 F.R.D. at 52 (citing *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978)).

"Disclosure of documents and tangible objects which are 'material' to the preparation of the defense is required under the rule *Brady v. Maryland*." *United States v. Jordan*, 316 F.3d 1215, 1250 n. 73 (11th Cir. 2003) (quoting Fed.R.Crim.P. 16, Notes (1974 Amends.)). Evidence is "material" for the purposes of *Brady* disclosure if it "would be *useful* in obtaining further [favorable] evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967) (emphasis supplied); see also *United States v. Fernandez,* 136 F.3d 1434, 1438 (11th Cir. 1998); *United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1007); *Hays v. State of Ala.*, 85 F.3d 1462, 1497-98 (11th Cir. 1996); *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (citation omitted). The disclosure requirements of *Brady* extend to potential exculpatory or impeaching evidence within other evidence. See *United States v. Arnold,* 117 F.3d 1308, 1317 (11th Cir. 1997) (surveillance tapes held to contain *Brady* material); *Ogle v. Estell*, 641 F.2d 1122, 1125 (5th Cir. Unit A Apr. 1981) (*Brady* violation found because suppressed Federal Bureau of Investigation reports contained favorable impeachment evidence). Accordingly, "*Brady's* disclosure requirements extend to material that, *whatever their other characteristics*, may be used to impeach a witness," *Strickler*, 527 U.S. at 282 n. 21, even if the material also contain allegedly "inculpatory" evidence, *id.* (Emphasis supplied) (citing *Bagley*, 473 U.S. at 676). Rather, the test focuses on "whether the undisclosed information could have substantially affected the efforts of defense counsel." *United States v. Smith*, 77 F.3d 511, 515 (D.C. Cir. 1996). Furthermore, when material falls under both the ambit of *Brady* and the government's

discovery obligations pursuant to Federal Rule of Criminal Procedure 16, "there can be no doubt but that the government must disclose the requested exculpatory material." *Thevis,* 84 F.R.D. at 52.

The Government's duty to disclose favorable or impeachment evidence under *Brady* applies even where there is no request by the accused. See *Strickler*, 527 U.S. at 280 (citing *United States v. Agurs*, 427 U.S. 97, 107 (1976)). The prosecution further "has a duty to learn of *any* favorable evidence known to the others acting on the government's behalf in this case, including the police." See *id.*, at 281 (emphasis supplied) (citing *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)). This duty includes evidence known *only* to law enforcement officers, and not the prosecuting attorney. See *id.,* at 280-81 (citing *Kyles* at 438). *United States v. Wood,* 57 F.3d 733, 737 (9th Cir. 1995) (holding that once the Food and Drug Administration "consulted with the prosecutor in the steps leading to the prosecution," it "is to be considered as part of the prosecution in determining what information must be made available to the defendant" and "cannot with its right hand say it has nothing while its left hand holds what is of value"); *United States v. Dian-Munoz*, 632 F.2d 1330, 1334 (5th Cir. 1980) (government had duty to search CIA files since the nature of charges and defendant's alleged conduct supported inference that CIA might have materials); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (holding that government has duty to seek "out information readily available to it" such as information regarding witness' criminal record); *Martinez v. Wainwright*, 621 F.2d 184 (186-87) 5th Cir. 1980) (finding *Brady* violation where state prosecutor was unaware that the FBI rap sheet was in the possession of a state medical examiner); *United States v. Antone*, 603 F.2d 566, 569-70 (5th Cir. 1979) (imputing

knowledge of state investigators to federal prosecutors in determining whether there was a *Brady* violation where there was a joint investigative task force); *United States v. Deutsch*, 475 F.2d 44 (5th Cir. 1973), *overruled on other grounds*, *United States v. Henry*, 749 F.2d 203 (5th Cir. 1984) (government had duty under *Brady* to obtain exculpatory information in possession of the United States Postal Service). "[A] prosecutor may not 'avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.'" *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997) (citation omitted.).

"[T]he prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles*, 514 U.S. at 438. Similarly, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Agurs*, 427 U.S. at 111. This is a result of the fact that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley*, 473 U.S. at 682-83. "[T]he prudent prosecutor will [therefore] resolve doubtful questions in favor of disclosure." *Id.*, at 108.

The obligations of *Brady* and its progeny therefore clearly require that the Government produce to the Defendant, any and all exculpatory or impeaching evidence relating to the defendant's specific requests above, which could be used by the defense within its possession, custody or control, or that of any of its employees, agents or

representatives. The Defendant is entitled to production of evidence relating to the motives of any witness for the Government. See *Giglio*, 405 U.S. 150; *United States v. Williams*, 954 F.2d 668 (11th Cir. 1992); Fed.R.Evid. 608. The Government may further not withhold evidence that a witness has made prior false or inconsistent statement(s). See *States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990); *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981); *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977). The Government must further produce statements of witnesses in a position to know, which failed to identify the Defendant. See *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978). The Government must also produce evidence indicating some bias on the part of any witness. See *United States v. Abel,* 469 U.S. 45 (1984); *United States v. Aviles-Colon,* 536 F.3d 1 (1st Cir. 2008) (DEA report containing information regarding ongoing hostility between defendant and leader of drug conspiracy); *United States v. Sipe*, 388 F.3d 471 (5th Cir. 2004) (witness' dislike of defendant); *United States v. Sperling*, 726 F.2d 69 (2d Cir. 1984) (tape of pre-trial conversation indicating that government witness motivated by revenge).

Any promises or inducements made by the Government to any witness constitute logical impeachment material under *Brady*. See *Williams* at 672; *Unites States v. Nickerson*, 669 F.2d 1016, 1018 (5th Cir. 1982). Similarly, evidence that the Government has threatened a potential witness to obtain the witness' cooperation is subject to production under *Brady* and furthermore because it implicates a Defendant's Sixth Amendment right of access to witnesses. See *United States v. Heller,* 830 F.2d 150, 154 (11th Cir. 1987); *United States v. Hendricksen*, 564 F.2d 197, 198 (5th Cir. 1977). A witness' mental health information has further been held to be relevant for impeachment

purposes. See *United States v. Partin*, 493 F.2d 750, 762 (5th Cir. 1974). The Defendant is also entitled to production of any evidence tending to impeach or show the unreliability of the statement of any alleged co-conspirator. See *United States v. Kubiak*, 704 F.2d 1545, 1549-1551 (11th Cir. 1983) (co-conspirator's exculpatory statement was *Brady* material). Similarly, a witness' prior arrests and misconduct are relevant for impeachment purposes and therefore within the purview of *Brady*. See *United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990) (holding government witness' misconduct bears directly on credibility); *United States v. Cohen*, 888 F.2d 770, 776-777 (11th Cir. 1989) (conviction reversed where trial court excluded evidence offered under Fed.R.Evid. 404(b) that prosecution witness had previously concocted and managed a fraudulent scheme); *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) (conviction reversed where trial court excluded evidence offered under Fed.R.Evid. 404(b) to show that informant had previously entrapped other defendants).

### III. CONCLUSION

For the reasons set forth herein, Mr. Grant respectfully requests that his *Brady* Motion be granted, and the Court order pretrial disclosure of any *Brady* material and impose a continuing obligation of disclosure upon the Government throughout this case.

This 7th day of April, 2024.

                                        /s/ M. P. Hicks, III
                                        **M. P. "Trey" Hicks, III**
                                        Attorney for Mr. Grant
                                        Georgia State Bar Number: 351337

M. P. Hicks, III P.C.
P. O. Box 31348
Sea Island, GA 31561
770.490.2049
770.884.8131 - fax
thehickslawfirm.trey@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | INDICTMENT NO. |
| | : | |
| TREMAINE GRANT, | : | 4:23CR-096-001 |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case with the foregoing DEFENDANT TREMAINE GRANT'S BRADY MOTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 7th day of April, 2024.

                                                  /s/ M. P. Hicks, III
                                                **M. P. "Trey" Hicks, III**
                                                Attorney for Mr. Grant
                                                Georgia State Bar Number: 351337

M. P. Hicks, III P.C.
P. O. Box 31348
Sea Island, GA 31561
770.490.2049
770.884.8131 - fax
thehickslawfirm.trey@gmail.com