UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | INDICTMENT NO. |
| | : | |
| TREMAINE GRANT, | : | 4:23CR-096-001 |
| | : | |
| Defendant. | : | |

## MOTION FOR PRETRIAL HEARING AS TO THE ADMISSIBILITY OF CO-CONSPRIATOR STATEMENTS

COMES NOW, Tremaine Grant, by and through counsel, and moves this Court to conduct a pretrial hearing pursuant to *James v. United States*, 590 F.2d 575 (5th Cir. 1979) to determine the admissibility of statements by alleged co-conspirators against him. As such, Mr. Grant, moves this Court to require the Government to establish the existence of a conspiratorial agreement, as well as Mr. Grant's involvement in the alleged conspiracy. Furthermore, the Government should be required to show that any such statements were made in furtherance of the conspiracy.

In the absence of a conspiratorial agreement or evidence that a statement was in furtherance of a conspiracy, Mr. Grant moves this Court to exclude said statements from the trial of the case. By holding a pre-trial hearing, the Court will ensure that Mr. Grant's rights to due process are not violated by the exposure of the jury to inadmissible evidence.

## ARGUMENT AND CITATION TO AUTHORITY

Although the Federal Rules of Evidence except from the general hearsay rules statements by co-conspirators, the government must establish three elements in order to satisfy this exception: (1) that a conspiracy existed, (2) that the defendant and the

declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy. Federal Rules of Evidence, Rule 801(d)(2)(E).

The admissibility of a co-conspirator's declarations in a conspiracy trial is a critical question. The evidence endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror, regardless of any instructions to disregard the statements or to consider them conditionally. *James v. United States*, 590 F.2d 575 (5th Cir. 1979). Consequently, the trained legal mind of the trial judge should address the preliminary question concerning the admissibility of the evidence, as contemplated by Federal Rules of Evidence, Rule 104(a), by applying a preponderance of the evidence standard.

While the Supreme Court in *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775 (1987), held that the trial judge may consider the proffered hearsay statements in determining whether they are admissible under the co-conspirator exception to the hearsay rule, a pretrial hearing can still serve to prevent unfair prejudice to the accused which cannot be overcome by instructions to the jury. In the instant case, the alleged conspiracy covers a period of time in excess of twenty-three months and includes nine co-defendants.

A pretrial determination of the satisfaction of the three elements required to be proven by the government is necessary in order to avoid potential prejudice against Mr. Grant. In a case of this complexity, permitting the government to "link up" its evidence during the course of the trial or simply to make a proffer of its proof could result in

irreparable prejudice to Mr. Grant and a mistrial. To avoid the possibility of these occurrences, Mr. Grant contends that a pretrial determination of this issue be made.

WHEREFORE, Mr. Grant requests that this Court conduct a pretrial hearing to determine the existence of a conspiratorial agreement, Mr. Grant's and the declarant's participation in the conspiracy, and whether the statement was made during the conspiracy and in furtherance of the conspiracy.

Respectfully submitted, this 7th day of April, 2024.

/s/ M. P. Hicks, III
M. P. "Trey" Hicks, III
Attorney for Mr. Grant
Georgia State Bar Number: 351337

M. P. Hicks, III P.C.
P. O. Box 31348
Sea Island, GA  31561
770.490.2049
770.884.8131 - fax
thehickslawfirm.trey@gmail.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | INDICTMENT NO. |
| | : | |
| TREMAINE GRANT, | : | 4:23CR-096-001 |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case with the foregoing MOTION FOR PRETRIAL HEARING AS TO THE ADMISSIBILITY OF CO-CONSPRIATOR STATEMENTS in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 7th day of April, 2024.

    /s/ M. P. Hicks, III
**M. P. "Trey" Hicks, III**
Attorney for Mr. Grant
Georgia State Bar Number: 351337

M. P. Hicks, III P.C.
P. O. Box 31348
Sea Island, GA 31561
770.490.2049
770.884.8131 - fax
thehickslawfirm.trey@gmail.com