# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | INDICTMENT NO. |
| | : | |
| TREMAINE GRANT, | : | 4:23CR-096-001 |
| | : | |
| Defendant. | : | |

## MOTION FOR DISCLOSURE OF NAMES AND ADDRESSES OF ANY AND ALL CONFIDENTIAL INFORMANTS

COMES NOW, Defendant Tremaine Grant, by and through undersigned counsel, and moves this Court for an order requiring the government to disclose the names, addresses, dates of birth, occupations and previous criminal records of any and all informants whom the government has utilized in the above-referenced case. In support of this motion Mr. Grant shows as follows:

1. Upon information and belief, portions of the evidence upon which the Government has relied on in bringing this Indictment were obtained from confidential information.

2. To date, the government has failed to disclose the identities of any confidential informants to Mr. Grant.

3. Specifically, the government relied on confidential information in obtaining search warrants and wiretaps.

4. It is essential for Mr. Grant to investigate the government's reliance on any such sources of information and whether such reliance was reasonable.

5. Further, it is necessary for Mr. Grant to be offered the opportunity to interview any such witnesses prior to trial in the above-referenced case. Defendant's

need to speak to any confidential informant and investigate his/her testimony is crucial to Mr. Grant's defense and essential to a fair determination of the case.

6. No danger or risk of harm would be posed by granting Mr. Grant's request.

## ARGUMENT AND CITATION TO AUTHORITY

The identities of any an all confidential informants must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Roviaro v. United States*, 353 U.S. 53 (1957).

It is well settled that if the government intends to call a confidential informant as a witness, it must disclose the identity of any and all confidential informants, as well as material impeachment information regarding any and all informants, to the Defendant.

Even if the government does not intend to call a confidential informant as a witness at trial, the government's privilege to refuse to disclose the identity of the informant is limited. See *Roviaro v. United States*, 353 U.S. 53 (1957), "Where disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a case, the privilege must give way." *Id.* at 60-61.

Furthermore, pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." It is well established that the existence of a witness favorable to the defense constitutes *Brady* material. In addition, because disclosure pursuant to *Brady* rests on the due process guarantees of the

Fifth and Fourteenth Amendments, the defendant's right to exculpatory material cannot be conditioned on statutes or judicial rules, such as the informer's privilege that the government may attempt to assert. *See United States v. Quinn*, 356 F.Supp. 432, 441 (N.D. Ga. 1973) (holding that *Brady* material is of Constitutional nature and therefore must be disclosed independent of statute controlling disclosure of evidence).

WHEREFORE, Defendant respectfully moves the Court for an Order requiring early disclosure of the requested material and for such other and further relief as the Court deems necessary and proper.

Respectfully submitted, this 7th day of April, 2024.

                                              /s/ M. P. Hicks, III
                                              **M. P. "Trey" Hicks, III**
                                              Attorney for Mr. Grant
                                              Georgia State Bar Number:  351337

M. P. Hicks, III P.C.
P. O. Box 31348
Sea Island, GA  31561
770.490.2049
770.884.8131 - fax
thehickslawfirm.trey@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | INDICTMENT NO. |
| | : | |
| TREMAINE GRANT, | : | 4:23CR-096-001 |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case with the foregoing DEFENDANT TREMAINE GRANT'S MOTION FOR DISCLOSURE OF NAMES AND ADDRESSES OF ANY AND ALL CONFIDENTIAL INFORMANTS in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 7th day of April, 2024.

                                                  /s/ M. P. Hicks, III
                                                **M. P. "Trey" Hicks, III**
                                                Attorney for Mr. Grant
                                                Georgia State Bar Number: 351337

M. P. Hicks, III P.C.
P. O. Box 31348
Sea Island, GA 31561
770.490.2049
770.884.8131 - fax
thehickslawfirm.trey@gmail.com